**Cesar Augusto TORRES–RINCON; et al., Petitioners,**

v.

**Alberto GONZALES, Attorney General,\* Respondent.**

No. 03–70628.
Agency Nos. A76–845–972, A76–845–973, A76–845–974.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 2005.

Decided April 7, 2005.

Karen R. Seiden, Sunnyvale, CA, for Petitioners.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Joan E. Smiley, Esq., Michele Y.F. Sarko, Efthimia S. Pilitsis, Washington, DC, for Respondent.

Before WALLACE, RAWLINSON, and BYBEE, Circuit Judges.

MEMORANDUM \*\*

Cesar Augusto Torres–Rincon, his wife and son, all natives and citizens of Peru,

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of

the United States, pursuant to Fed.R.Civ.P. 43(c)(2).

\*\* This disposition is not appropriate for publi-

petition for review of the Board's summary affirmance of an IJ decision denying their application for asylum and withholding of removal.

We uphold the IJ's decision that Torres did not establish past persecution. Although death threats may constitute past persecution, *Garrovillas v. INS*, 156 F.3d 1010, 1016 (9th Cir.1998), when not combined with "confrontation or other mistreatment ... [they] constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm." *Lim v. INS*, 224 F.3d 929, 936 (9th Cir.2000) (citations and internal quotation marks omitted). Thus, Torres' death threats, without more, do not compel a reversal of the IJ's decision. *Gormley v. Ashcroft*, 364 F.3d 1172, 1176 (9th Cir. 2004).

Torres argues that substantial evidence does not support the IJ's finding that he lacked a well-founded fear of future persecution. The IJ determined that when Torres "fled the country, he had a well-founded fear of persecution on account of his political opinion." Nonetheless, the IJ concluded that Torres currently lacked a well-founded fear because, among other reasons, (1) Torres had been long absent from Peru; (2) Torres never actually held the office of mayor; and (3) his mother, who did hold that office, was not harmed. Each of these reasons provides substantial evidence for the IJ's finding.

First, Torres' long absence from Peru was relevant, especially in light of other evidence discussed by the IJ, suggesting that Shining Path's activities in Peru diminished during the period of Torres' absence. Given that Torres did not establish past persecution and that the Shining Path now has less resources with which to conduct its activities, it was not unreasonable for the IJ to conclude that the Shining Path would be unlikely to pursue Torres after such a long period of time.

Second, that Torres never actually held the office of mayor also suggests that the Shining Path would be unlikely to target him. There is no evidence in the record suggesting that the Shining Path persecutes people who never held office and were merely mayoral candidates almost two decades ago. While there is some evidence suggesting the Shining Path may threaten *current* mayoral candidates, that is not relevant here because nothing will require Torres to run for mayor upon his return to Peru. This is not to say that Torres has no right to run for office; he certainly does. But it is somewhat incongruous for Torres to argue that he should be granted asylum *here* because he has a compelling desire to hold public office *in Peru.*

Third, the IJ also reasonably relied upon the fact that Torres' mother was never harmed. Torres' claim of a well-founded fear is primarily based on his status as a former mayoral candidate and that he received three threats when he lived in Peru. Given that his mother received at least one threat and actually was mayor but was never harmed, and that Torres does not suggest any reason why the Shining Path would be more interested in him than his mother, the IJ reasonably concluded that the Shining Path would be unlikely to harm him as well.

For all these reasons, the IJ's decision that Torres does not have an objective fear

cation and may not be cited to or by the courts of this circuit except as provided by

Ninth Circuit Rule 36–3.

of future persecution is supported by substantial evidence.

Finally, Torres' argument that the Board's summary affirmance of the IJ opinion violated his due process rights is foreclosed by *Garcia–Martinez v. Ashcroft*, 371 F.3d 1066, 1078–79 (9th Cir.2004) and *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849–52 (9th Cir.2003).

PETITION DENIED.

BYBEE, Circuit Judge, dissenting.

I respectfully dissent. The IJ specifically found that Torres had an objective, well-founded fear of persecution in 1989 when he left Peru and that he now does not. But the IJ failed to find any change in conditions in Peru that should obviate Torres' fear. Thus, we should remand for a determination of whether country conditions have changed such that Torres would not suffer harm upon return to Peru.

As the majority points out, the IJ relied on three reasons why Torres' fear was no longer objectively reasonable: (1) Torres had been long absent from Peru; (2) Torres never actually held the office of mayor; and (3) his mother, who did hold that office, was not harmed. These are indisputable facts, but as reasons they are pure speculation. First, the mere passage of time, standing alone, is not a sufficient basis to discount a well-founded fear. *Salazar–Paucar v. INS*, 281 F.3d 1069, 1077 (9th Cir.2002). If the IJ believes that country conditions have improved since Torres left in 1989, then she must explain herself. As to the second point, the record contradicts the IJ's finding. As the IJ acknowledged, there is evidence that the Shining Path continues to take retribution against individuals that they perceive to be their enemies. Even more to the point, and contrary to the IJ's conclusion that Torres would not likely be harmed in Peru because he was never mayor, the record shows that members of the Shining Path delivered threatening leaflets to *mayoral candidates* in several provinces in Peru. On the third point, there is nothing in the record to explain why members of the Shining Path did not attack Torres' mother and why this proves that Torres should not fear them. The IJ's ruling rests on impermissible speculation regarding the guerrillas' likely conduct. *Maini v. INS*, 212 F.3d 1167, 1175 (9th Cir.2000) (rejecting the IJ and BIA's adverse credibility finding because it was based on "conjecture and speculation" regarding how the alleged persecutors should have acted).

Because the IJ did not make express findings that conditions in Peru had changed such that Torres no longer had a well-founded fear of future persecution, and the reasons that she did articulate were based on improper speculation, we should remand this case for further findings. In short, while the "substantial evidence" bar is undoubtedly a low one, the IJ simply has not endeavored to cross it in this case.